IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ERMA HIGHTOWER,                          *

     Plaintiff,                    *

vs.                                      *

GEORGE GOLDBERG and GOLDBERG &           *
DOHAN, LLP,
                                         *      CASE NO. 4:17-CV-7 (CDL)
     Defendants/Third-Party
     Plaintiffs,                   *

vs.                                      *

JOHN M. FOY and FOY &                    *
ASSOCIATES, P.C.,
                                         *
     Third-Party Defendants.
                                         *
_____
                                         *

<u>O R D E R</u>

Plaintiff Erma Hightower suffered injuries in a car wreck,
and she claims that Defendant/Third-Party Plaintiff George
Goldberg, a lawyer, solicited her personal injury claim, filed
suit in state court against the at-fault driver, and then
neglected Hightower's case such that the state court eventually
dismissed it.  Instead of the $13,000 the insurance company
offered to settle her claim, Hightower received nothing except a
bill for the at-fault driver's attorney's fees and costs.  Now,
Hightower brings this action against Goldberg and his law firm,
Defendant/Third-Party Plaintiff Goldberg & Dohan, LLP

(collectively "Goldberg"), for legal malpractice, fraud, punitive damages, and attorney's fees.

Goldberg tells a different story. Goldberg alleges that Hightower was dissatisfied with his services and fired him while her personal injury claim was still pending. Goldberg further contends that he received a letter from Hightower's new counsel, Third-Party Defendant John M. Foy (who calls himself the "Strong-Arm"), terminating Goldberg as Hightower's lawyer. As enterprising plaintiffs' lawyers are wont to do, Goldberg impleaded Foy and his law firm, Third-Party Defendant Foy & Associates, P.C. (collectively "Foy"), asserting a claim for contribution (ECF No. 39).[1] Goldberg claims that Foy is actually the lawyer who committed malpractice and caused Hightower's personal injury claim to be dismissed or, at least, that Foy is a joint tortfeasor with Goldberg. Foy moves to dismiss the third-party complaint, arguing that Georgia law does not provide Goldberg with a cause of action for contribution under these circumstances. The Court agrees. Accordingly, the Court grants Foy's motion to dismiss (ECF Nos. 37 & 40).

---

[1] Defendants' first third-party complaint also asserted claims against Hightower's current lawyer, Mark Casto, and his affiliated firms. Defendants dropped these claims from their First Amended Third-Party Complaint and Second Amended Third-Party Complaint. Accordingly, those claims are no longer part of this action, and Casto and his affiliated firms are no longer named parties to this action. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) (stating that an amended complaint supersedes the original complaint).

Although Goldberg's claimed right to contribution from Foy depends on Goldberg's liability to Hightower and is thus a proper claim under Federal Rule of Civil Procedure 14, Georgia's apportionment statute, O.C.G.A. § 51-12-33, bars a contribution claim under these circumstances. *Cf. Travelers Ins. Co. v. Busy Elec. Co.*, 294 F.2d 139, 146 (5th Cir. 1961) (recognizing that a substantive right to derivative liability must exist under the applicable state law to assert a claim under Rule 14 in a diversity action).[2] The Georgia Supreme Court has explained that "[t]he purpose of the apportionment statute is to have the jury consider all of the tortfeasors who may be liable to the plaintiff together, so their respective responsibilities for the harm can be determined." *Couch v. Red Roof Inns, Inc.*, 729 S.E.2d 378, 383 (Ga. 2012). To that end, the statute allows a jury to "apportion its award of damages among the persons who are liable according to the percentage of fault of each person," O.C.G.A. § 51-12-33(b), whether those persons are parties to the cause of action or not, O.C.G.A. § 51-12-33(c). Goldberg's Second Amended Answer makes it clear that he intends to ask the jury to apportion damages to Foy under the apportionment statute. *See* Affirmative Defenses ¶ 5, *in* Answer to Am. Compl., ECF No. 39 ("Defendants hereby give notice to Plaintiff of their

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

intent to include John Foy, Esq., Foy and Associates, P.C. and/or Mark Casto as responsible parties to be included on the verdict form."). The apportionment statute could not be clearer about its effect on contribution claims: "Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and *shall not be subject to any right of contribution*." O.C.G.A. § 51-12-33(b) (emphasis added). Consequently, Goldberg's contribution claim fails as a matter of law.[3]

## CONCLUSION

For the reasons explained in this Order, the Court grants Foy's motion to dismiss (ECF Nos. 37 & 40). Goldberg's third-party complaint (ECF No. 39) is dismissed in its entirety.

IT IS SO ORDERED, this 7th day of August, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] The Court is aware that in *Murray v. Patel* the Georgia Court of Appeals allowed a third-party claim for contribution to go forward despite the enactment of the apportionment statute. *See Murray v. Patel*, 696 S.E.2d 97, 99 (Ga. Ct. App. 2010). More recently, however, the Court of Appeals has expressed skepticism about the vitality of *Murray* in light of the "circumstances and legal landscape forged by" the Georgia Supreme Court's subsequent holdings that the apportionment statute abrogated claims for contribution and apportionment when fault is apportioned between tortfeasors. *See Dist. Owners Ass'n v. AMEC Envtl. & Infrastructure, Inc.*, 747 S.E.2d 10, 14 (Ga. Ct. App. 2013) (referring to the "continuing precedential value" of *Murray* as "dubious").