IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ERMA HIGHTOWER, *

    Plaintiff, *

vs. *

                                      CASE NO. 4:17-CV-7 (CDL)

GEORGE GOLDBERG and GOLDBERG & *
DOHAN, L.L.P.,
                                      *

    Defendants.
                                      *

O R D E R

Defendants represented Plaintiff in a case arising from a car wreck. After they filed a lawsuit against the at-fault driver on Plaintiff's behalf, Defendants failed to respond to a discovery related motion. The trial judge dismissed the action with prejudice and assessed attorney's fees and costs against Plaintiff. Plaintiff then brought a legal malpractice action against Defendants in state court, which Defendants subsequently removed to this Court based on diversity of citizenship. Defendants now move for summary judgment. In support of that motion, they seek to exclude the testimony of Plaintiff's expert. As explained in the remainder of this Order, Defendants' motion to exclude (ECF No. 49) is denied. And because genuine factual disputes exist to be tried, Defendants'

motion for summary judgment (ECF No. 50) is also denied except as to Plaintiff's breach of fiduciary duty claim.[1]

MOTION TO EXCLUDE PLAINTIFF'S EXPERT OPINION EVIDENCE

Defendants seek to exclude the testimony of Plaintiff's expert because Plaintiff failed to comply with this Court's scheduling order and with Federal Rule of Civil Procedure 26(a)(2), and in the alternative, because the testimony is inadmissible under Federal Rule of Evidence 702 as interpreted by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny. The Court rejects both arguments.

I. **Compliance with the Federal Rules of Civil Procedure**

The scheduling order entered in this case required Plaintiff to designate any expert witnesses and provide Defendants with their reports no later than May 23, 2017. Scheduling/Discovery Order 3-4, ECF No. 12. Defendants did not receive any materials styled as Plaintiff's expert disclosure until Plaintiff belatedly responded to their motion to exclude expert testimony. *See* Pl.'s Resp. to Defs.' Mot. to Exclude Ex. A, R. Beauchamp Expert Report, ECF No. 51-1.[2] But when Plaintiff

---

[1] After the case was removed, Plaintiff added claims against Defendants for breach of fiduciary duty and fraud. Am Compl., ECF No. 21. Plaintiff has since conceded her fraud claim, and the Court finds that Plaintiff's breach of fiduciary duty claim is duplicative of her legal malpractice claim and thus cannot proceed to trial.

[2] Although Plaintiff inexplicably failed to timely respond to Defendants' motion to exclude expert testimony, the Court will exercise its discretion and allow Plaintiff's late filing. Consequently, Defendants' motion to strike Plaintiff's response is

initially filed this action in state court, Plaintiff attached to her Complaint an affidavit from her expert. *See* Notice of Removal Ex. 1, Compl. Ex. A, R. Beauchamp Aff., ECF No. 1-1 at 10-17. Because that affidavit did not include all of the information Rule 26(a)(2)(B) requires, and because Plaintiff did not disclose a complete expert report before the Court's deadline expired, Plaintiff failed to comply with her disclosure obligations under Rule 26. *See OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1362 (11th Cir. 2008) (finding plaintiff violated Rule 26 where plaintiff disclosed its expert report after the close of discovery and plaintiff's filing affidavit did not include the information Rule 26(a)(2)(B) required).

District courts are authorized "to exclude an expert's testimony where a party has failed to comply with Rule 26(a) *unless the failure is substantially justified or is harmless*." *Id.* at 1363 (citing Fed. R. Civ. P. 37(c)). The expert affidavit Plaintiff filed with her Complaint included everything a Rule 26 expert report requires except a statement of Mr. Beauchamp's compensation, a list of publications he has authored within the last ten years, and a list of court proceedings in which he has testified as an expert in the last four years.

---

denied. The Court admonishes Plaintiff's counsel to follow the rules of this Court going forward. The slackness of Plaintiff's counsel is particularly ironic given that Plaintiff is pursuing a claim for legal malpractice.

But, as it turns out, Mr. Beauchamp has not authored any publications within the last ten years or testified as an expert in any proceedings in the last four years. Except for Mr. Beauchamp's compensation, the Plaintiff's filing affidavit, therefore, contained the essential information that would have been included in her expert report pursuant to Rule 26.

Although Plaintiff failed to comply with Rule 26, Defendants had available to them information that substantially complied with the expert disclosure requirements of Rule 26. And Defendants demonstrated no prejudice caused by Plaintiff's non-compliance. The Court notes that Defendants designated their own expert to rebut Mr. Beauchamp's opinions despite Plaintiff's belated disclosure, and there is no evidence in the record that Defendants were unable to depose Mr. Beauchamp before the close of discovery. Consequently, the Court finds that Plaintiff's failure to timely disclose her expert report is harmless, and the Court will not exclude Mr. Beauchamp's opinions on this ground.

**II. Compliance with the Federal Rules of Evidence**

Under Federal Rule of Evidence 702, the Court must serve as the "gatekeeper to keep out irrelevant or unreliable expert testimony." *United States v. Ala. Power Co.*, 730 F.3d 1278, 1282 (11th Cir. 2013) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 145 (1999) and *Daubert*, 509 U.S. at 596). In

evaluating the admissibility of expert testimony under Rule 702, the Court must consider whether "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable . . .; and (3) the testimony assists the trier of fact . . . to understand the evidence or to determine a fact in issue." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)). At this stage of the proceedings, Defendants do not contest Mr. Beauchamp's qualifications, methodology, or the relevance of his opinions. They argue that his opinions are unreliable because Mr. Beauchamp failed to consider certain facts that were revealed later in discovery.

Mr. Beauchamp stated the facts and documents he relied on and explained that he used his background, training, and experience as an attorney licensed in Georgia with experience representing personal injury claimants to formulate his opinions. Applying that methodology, Mr. Beauchamp opined that Defendants breached the applicable standard of care, that their breach caused Plaintiff's state court case to be dismissed, and that, absent Defendants' breach, Plaintiff likely would have prevailed in state court. R. Beauchamp Expert Report, ECF No. 51-1 at 4-11. The Court finds that Mr. Beauchamp is qualified

to give the opinions contained in his expert report, that his methodology is sufficiently reliable, and that those opinions would assist the trier of fact in this case. His opinions are thus admissible.

Defendants' objections go to the weight and credibility of Mr. Beauchamp's opinions, not their reliability. If Mr. Beauchamp failed to consider certain facts in forming his opinions, Defendants will be able to vigorously cross examine him, present their own expert testimony, and tell the jury why they believe his opinion should not be believed. Accordingly, Defendants' motion to exclude Mr. Beauchamp's opinions is denied.

## MOTION FOR SUMMARY JUDGMENT

Plaintiff asserts claims for legal malpractice and breach of fiduciary duty. She seeks compensatory and punitive damages as well as litigation expenses, including attorney's fees. Defendants move for summary judgment as to all of Plaintiff's claims. They maintain that no reasonable juror could conclude that they breached the applicable duty of care that they owed to Plaintiff; they also argue that a litigant cannot pursue both a claim for legal malpractice and breach of fiduciary duty under Georgia law. And to the extent that a genuine factual dispute exists on Plaintiff's legal malpractice claim, Defendants

contend that no evidence exists supporting an award of punitive damages or litigation expenses.

I. **Summary Judgment Standard**

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute of material fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is material if it is relevant or necessary to the outcome of the suit under the substantive law the Court is applying. *Id.* at 248; *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000). A factual dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Liberty Lobby, Inc.*, 477 U.S. at 248.

II. **Factual Background**

Viewed in the light most favorable to Plaintiff, the record reveals the following facts.[3]

---

[3] Consistent with his approach to this case, *see supra* note 2, Plaintiff's counsel failed to specifically respond to Defendants' statement of undisputed material facts and, thus, failed to comply with this Court's Local Rule 56. *See* M.D. Ga. L.R. 56 (requiring respondent to a motion for summary judgment to "attach to the response

7

After Plaintiff was involved in a car wreck in 2013, she retained Defendants to represent her in a personal injury action against the other driver. Defendants' staff determined that the only insurance coverage available to her was a $25,000 bodily injury policy issued by State Farm. G. Goldberg Decl. ¶ 4, ECF No. 50-12 [hereinafter "Goldberg Decl."]. Defendants attempted to settle the case. The settlement process eventually broke down, and, on March 31, 2014, Katherine Franke, an attorney with Defendants, filed a personal injury lawsuit on Plaintiff's behalf against the at-fault driver in the State Court of Muscogee County. Goldberg Decl. ¶ 8; *see generally* Pl.'s State Court Complaint, ECF No. 50-3.

In September of 2014, counsel for the defendant in the state court action sought discovery from Plaintiff. *See generally* Letter from C. Case to K. Franke (Sept. 3, 2014), ECF No. 50-4. A genuine factual dispute exists as to what happened next. Defendants contend that they sought Plaintiff's assistance in responding to the discovery requests.

---

a separate and concise statement of material facts . . . to which the respondent contends there exists a genuine dispute to be tried"). Regardless of a party's compliance with this rule, the Court still must determine whether the movant's motion and supporting papers establish the absence of a genuine issue of material fact. *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004); *see also* M.D. Ga. L.R. 56 (stating that all material facts not specifically disputed shall be "deemed to have been admitted, *unless otherwise inappropriate*" (emphasis added)). In this case, the Court finds that the materials submitted in support of Defendants' motion for summary judgment, in fact, establish the *presence* of factual disputes that must be resolved by a jury.

*See* Goldberg Decl. ¶¶ 11-12; *see also* Letter from G. Goldberg to Plaintiff (Sept. 11, 2014), ECF No. 50-5; Letter from K. Franke to Plaintiff (Sept. 24, 2014), ECF No. 50-6. Defendants also maintain that Plaintiff never responded to their requests for her assistance and that Plaintiff, eventually, contacted Defendant Goldberg directly and directed him to take no further action on her case as she was in the process of retaining new counsel. Goldberg Decl. ¶ 13. Plaintiff disputes these facts. She testified that she only spoke to Franke once, when Franke communicated a settlement offer to Plaintiff. Pl. Dep. 26:13-15, ECF No. 50-14. Plaintiff further testified that no one else from Defendants' firm reached out to her while it was handling her claim and that she attempted to contact the firm on multiple occasions with little success. Pl. Dep. 25:18-27:18, 42:3-4. Plaintiff described her predicament as feeling as if Defendants had "just disappeared." *Id.* at 46:11-12. She also disputes Defendants' version of how she terminated them. *Id.* at 45:23-25, 48:7-10.

In October of 2014, unable to reach Defendants and feeling abandoned, Plaintiff visited the website of Foy & Associates, P.C. ("Foy & Associates"), the self-proclaimed *Strong Arm*, and told a representative of the firm that she had been in an accident. *Id.* at 46:11-20, 47:1-4. After speaking with a representative from Foy & Associates on the phone, she hired the

firm to represent her. By letter dated October 14, 2014, John Foy notified Defendants that Plaintiff was no longer in need of their services and requested that Defendants forward a complete copy of her file to his office. Enclosed with his letter was a Letter of Termination signed by Plaintiff. Letter from J. Foy to Defs. (Oct. 14, 2014), ECF No. 50-7.

A factual dispute exists regarding the extent to which Defendants provided Foy & Associates information about Plaintiff's case. Defendants contend that they sent Foy a letter dated October 22, 2014 that informed Foy of pending discovery obligations and asked him to execute and submit a notice of substitution of counsel in the state court action. Goldberg Decl. ¶ 15; Letter from Goldberg to Foy (Oct. 22, 2014), ECF No. 50-8 [hereinafter "October 22 Letter"]. Foy testified that his firm never received the October 22 Letter from Defendants and that his firm never received a complete file from Defendants. J. Foy. Dep. 10:13-16, 63:12-21, ECF No. 50-13. Foy also testified that, despite repeated phone calls and opportunities, Defendants failed to ever tell his firm of any pending lawsuit in Plaintiff's case. *Id.* at 60:13–16, 60:23–61:9. Because Defendants refused to cooperate, Foy maintains that his firm had no idea that Plaintiff had a pending lawsuit that had been filed by Defendants. *Id.* at 61:18.

On October 20, 2014, the defendant in Plaintiff's state court suit filed a motion to compel related to the outstanding discovery requests. Goldberg Decl. ¶ 17. It is undisputed that, although Defendants were counsel of record for Plaintiff in the state court action, they never responded to the pending motion to compel or sought an extension; they never filed a notice of substitution of counsel, and they never sought permission from the state court to withdraw as Plaintiff's counsel. *Id.* ¶ 16. Foy's firm also failed to respond to the motion. On November 25, 2014, the state court dismissed Plaintiff's personal injury action with prejudice for "willfully fail[ing] to respond" to the state court defendant's discovery requests and assessed attorney's fees and costs against Plaintiff. State Court Order Dismissing Pl.'s Suit, ECF No. 50-9. Almost two years later, Plaintiff brought the present case against Defendants.

**III. Discussion**

A. <u>Legal Malpractice</u>

Plaintiff claims that Defendants committed legal malpractice by failing to respond to the state court defendant's motion to compel, which sought dismissal of Plaintiff's case as a sanction for failing to respond to discovery. It is axiomatic that "allowing a lawsuit to go into default by failing to file any defensive pleadings or securing an extension of time would

11

be a clear and palpable case of legal malpractice." *Hill Aircraft & Leasing Corp. v. Tyler*, 291 S.E.2d 6, 11 (Ga. Ct. App. 1982). Likewise, failure to respond to a motion that seeks dismissal of a client's claim with prejudice would provide a clear claim of malpractice, absent extenuating circumstances. "In a legal malpractice action, the client has the burden of establishing three elements: (1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff." *Oehlerich v. Llewellyn*, 647 S.E.2d 399, 401 (Ga. Ct. App. 2007) (quoting *Szurovy v. Olderman*, 530 S.E.2d 783, 785-86 (Ga. Ct. app. 2000)). Defendants do not presently dispute that an attorney client relationship existed between Plaintiff and Defendants or that a genuine factual dispute exists as to whether Defendants failed to exercise the requisite degree of care. Defendants argue that they are entitled to summary judgment based on a lack of causation.

Defendants first contend that Foy & Associates' failure to respond to the motion to compel is a superseding cause of the dismissal of Plaintiff's state court case, which breaks the chain of causation. "[W]hether substitution of new counsel who negligently fails to cure the results of the first counsel's negligence cuts off the first counsel's liability[]. . . depends

on the foreseeability of the intervening negligence." *Meiners v. Fortson & White*, 436 S.E.2d 780, 781 (Ga. Ct. App. 1993) (holding that second attorney's failure to perfect service was unforeseeable as a matter of law where first attorney specifically advised second attorney that a party needed to be served). In this case, there is a genuine factual dispute as to whether it was foreseeable that Foy & Associates would fail to respond to the motion pending in state court. Although Defendants contend they fully informed Foy & Associates about the pending litigation and discovery obligations, there is evidence from which a jury could reasonably conclude that Defendants did not tell Foy & Associates of any pending litigation and that Defendants were aware or should have been aware that Foy & Associates would not discover the state court action in time to respond to the pending motion. That same jury could reasonably conclude that, as the response deadline approached, it was foreseeable that Foy & Associates was not going to respond to the motion and, thus, that Defendants' failure to respond to the motion or to seek an extension of time was a proximate cause of the dismissal of the state court action.

Defendants further contend that Plaintiff cannot show that their failure to respond to the motion proximately caused her any damages. "A claim for legal malpractice is sui generis

13

insofar as the plaintiff's proof of damages effectively requires proof that [s]he would have prevailed in the original litigation." *Oehlerich*, 647 S.E.2d at 401 (quoting *Nix v. Crews*, 406 S.E.2d 566, 567 (Ga. Ct. App. 1991)). Because Plaintiff claims that the car wreck aggravated a pre-existing back condition, Defendants argue that Plaintiff must put forth expert testimony on causation to prove a causal relationship between the car wreck and her injuries. The Court disagrees. "A back injury resulting from a car accident does not raise a medical question requiring expert testimony on causation." *Safeway Ins. Co. v. Hanks*, 747 S.E.2d 890, 891–92 (Ga. Ct. App. 2013) (holding that the plaintiff was not required to present expert testimony on whether the car wreck caused his back injury or aggravated his pre-existing back injury). In this case, Defendants appear to concede that Plaintiff had a back injury before the car wreck. Goldberg Decl. ¶ 5. And there is evidence in the record that Plaintiff immediately experienced pain and immobility after the wreck and that she sought medical treatment to relieve her symptoms. Thus, a jury could reasonably conclude that the car wreck aggravated Plaintiff's pre-existing back condition. Because genuine factual disputes exist regarding causation, Defendants' motion for summary judgment on Plaintiff's claim for legal malpractice is denied.[4]

---

[4] At this stage of the proceedings, the Court rejects Defendants'

B. <u>Breach of Fiduciary Duty</u>

Defendants are entitled to summary judgment on Plaintiff's breach of fiduciary duty claim. A "claim for legal malpractice is based on the establishment of a fiduciary attorney-client relationship that [the former client] claims was breached." *Oehlerich*, 647 S.E.2d at 402. Where a claim for breach of fiduciary duty merely duplicates a claim for legal malpractice, it cannot survive summary judgment. *Griffin v. Fowler*, 579 S.E.2d 848, 850 (Ga. Ct. App. 2003) (affirming summary judgment on plaintiff's breach of fiduciary duty claim where it was based on same allegations as plaintiff's legal malpractice claim). In this case, Plaintiff alleges identical facts about Defendants' misconduct in support of her legal malpractice and breach of fiduciary duty claims. *See* Compl. ¶¶ 1-33; Am. Compl. ¶ III (incorporating by reference paragraphs 1-33 of Plaintiff's Complaint in support of her breach of fiduciary duty claim). Further, Plaintiff has not pointed the Court to any evidence of separate conduct or damages that would support a breach of fiduciary duty claim apart from her legal malpractice claim.

---

argument that Plaintiff cannot recover emotional distress damages. The Court knows of no reason why she could not recover the same elements of damage that she could have recovered in the underlying case. Thus, if she puts up evidence at trial showing emotional distress caused by her physical injuries from the car wreck, it appears that she should be able to recover those damages. If Defendants can point to contrary authority under Georgia law, the Court will reconsider this issue prior to trial.

Accordingly, Defendants' motion for summary judgment is granted as to Plaintiff's breach of fiduciary duty claim.

### C. Punitive Damages

Defendants seek summary judgment on Plaintiff's claim for punitive damages, contending that the evidence shows, at most, that Defendants were negligent. The Court disagrees. "Legal malpractice . . . may warrant the imposition of punitive damages." *Home Ins. Co. v. Wynn*, 493 S.E.2d 622, 628 (Ga. Ct. App. 1997). As in other contexts, punitive damages are only available if "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). "The expression 'conscious indifference to consequences' 'relates to an intentional disregard of the rights of another, knowingly or willfully disregarding such rights." *Home Ins. Co.*, 493 S.E.2d at 628 (quoting *Read v. Benedict*, 406 S.E.2d 488, 491 (Ga. Ct. App. 1991)). In this case, there is evidence from which a reasonable jury could conclude Defendants knew a motion had been filed in state court seeking the dismissal of Plaintiff's case and that Plaintiff's new counsel was unaware of the pending motion. Nonetheless, Defendants allowed the response deadline to pass without responding, seeking an extension of time, filing

a motion to withdraw as counsel, or informing Foy & Associates of the motion. Based on these circumstances, a jury could reasonably conclude that Defendants abandoned Plaintiff and their professional obligations as lawyers and chose to ignore the pending motion, knowing that Plaintiff's claim would be dismissed as a result. A better example of conscious indifference to consequences would be hard to find. Of course, the jury may not accept Plaintiff's version of the facts, but at this stage of the proceedings, this Court must accept that version. Defendants' motion for summary judgment on Plaintiff's claim for punitive damages is denied.

D.  Recovery of Litigation Expenses

Defendants move for summary judgment on Plaintiff's claim for litigation expenses. Plaintiff seeks those expenses pursuant to O.C.G.A. § 13-6-11 which allows expenses of litigation to be awarded as part of damages "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense". "The bad faith referred to [in O.C.G.A. § 13-6-11], in actions sounding in tort, means bad faith in the transaction out of which the cause of action arose." *Brown v. Baker*, 398 S.E.2d 797, 799 (Ga. Ct. App. 1990) (alteration in original). "'Bad faith' . . . imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of [a] known

17

duty through some motive of interest or ill will." *Vickers v. Motte*, 137 S.E.2d 77, 80 (Ga. Ct. App. 1964). At this stage of the proceedings and based on the present record, the Court finds that a genuine factual dispute exists as to whether Plaintiff is entitled to her litigation expenses pursuant to § 13-6-11. Accordingly, Defendants' motion for summary judgment on this claim is denied.

CONCLUSION

Defendants' motions to exclude the testimony of Plaintiff's legal expert and to strike Plaintiff's belated response to that motion (ECF Nos. 49 & 52) are denied. Defendants' motion for summary judgment (ECF No. 50) is also denied except as to Plaintiff's breach of fiduciary duty claim.

IT IS SO ORDERED, this 4th day of January, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
